IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL GENERAL ASSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. CIV-11-398-SPS |
| SHELLY LOVE, ) ) | |
| Defendant. ) | |

### OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendant Shelly Love was injured in an automobile accident caused by an uninsured motorist. Although she lived at home and was therefore an insured family member under her parents' uninsured motorist (UM) coverage with the Plaintiff National General Assurance Company ("NGAC"), the Defendant had separate liability insurance (but not UM) with Progressive Insurance Company on her vehicle in which she was injured. NGAC denied the Defendant's claim for UM benefits under her parents' policy and sued herein for declaratory relief absolving it of any liability to Ms. Love in connection with the accident.[1] NGAC sought summary judgment in its favor pursuant to Fed. R. Civ. P. 56, and the Defendant sought partial summary judgment in her favor. For reasons set forth below, the Defendant's Motion for Partial Summary Judgment and Brief

---

[1] Ms. Love also filed a claim for medical payments under her parents' policy with NGAC, but she no longer challenges NGAC's denial of this coverage; thus the Court declines to address it.

in Support Thereof [Docket No. 18] is hereby denied, and the Plaintiff's Motion for Summary Judgment and Brief in Support [Docket No. 14] is hereby granted.

## Law Applicable

This is a diversity case, so Oklahoma substantive law applies. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64. 78-79 (1938). "Under Oklahoma law, insurance policies are issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into the policy." *Shepard v. Farmers Insurance Co.*, 1983 OK 103, ¶ 2, 678 P.2d 250, 251 [citation omitted]. "[T]here is no coverage for any insured while occupying a motor vehicle owned by, or furnished or available for the regular use of the named insured, a resident spouse of the named insured, or a resident relative of the named insured, if such motor vehicle is not insured by a motor vehicle insurance policy." 36 Okla. Stat. § 3636(E).

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) [citation omitted]. The moving party has the burden of showing the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and the evidence is to be taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the

record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]"  Fed. R. Civ. P. 56(c).

## Analysis

The material facts are not in dispute.  An uninsured motorist caused the accident in which the Defendant was injured.  The Defendant was occupying a vehicle on which she had purchased liability coverage (but not UM) from Progressive.  NGAC denied her claim for UM benefits under its policy issued to her parents based on the following exclusion in Endorsement 6050 to the policy:  "We do not provide Uninsured Motorists Coverage for bodily injury sustained by any insured . . . [w]ho is a family member, while occupying . . . any motor vehicle owned by that insured . . . [w]hich is not insured for Uninsured Motorists Coverage."  The Defendant stipulates that this exclusion would operate to deny her coverage if enforceable, but contends it is void as against Oklahoma public policy because: (i) under Oklahoma law, UM coverage follows the person, not the vehicle; (ii) as a Class One insured, the Defendant may "stack" uninsured motorist coverage;[2] (iii) the Oklahoma legislature did not intend by its 2004 amendments to Section 3636(E) to require an insured such as the Defendant to have separate UM coverage to recover under another policy; and (iv) the Oklahoma Supreme Court has only referenced apposite case law in dicta.

The Court agrees with the first two propositions; UM coverage follows insureds, not their vehicles, *see, e. g., Cothren v. Emcasco Insurance Co.*, 1976 OK 137, ¶ 10, 555

---

[2] Class One insureds include the insured and resident relatives.  *American Economy Insurance Co. v. Bogdahn*, 2004 OK 9, ¶ 12, 89 P.3d 1051, 1054.

P.2d 1037, 1039 ("The uninsured motorist protection covers the insured and the family members while riding in uninsured vehicles, while riding in commercial vehicles, while pedestrians or while rocking on the front porch.") [citation omitted], and UM coverage may be "stacked" to allow recovery under multiple policies, as long as the claimant is an insured under each policy. *See, e. g., Shepard*, 1983 OK 103, at ¶ 8, 678 P. 2d at 252, citing *Keel v. MFA Insurance Co.*, 1976 OK 86, 553 P.2d 153. But the Defendant is not an insured for purposes of the UM coverage she seeks because of the exclusion, and the exclusion is not, as the Defendant contends, void under Oklahoma law. As the Oklahoma Supreme Court noted in *Shepard*:

> [A] claimant may not recover unless he or she is an "insured", and the terms of the contract determine who is insured thereunder. Neither the Oklahoma statute nor the relevant cases dictate mandatory classes of insureds or set mandatory limits of coverage. As indicated by *Keel* and *Richardson* [*v. Allstate Insurance Co.,* 1980 OK 157, 619 P.2d 594], one may have recourse to multiple automobile insurance policies, but in order to recover, the claimant must first be an insured under each policy. Contract language which excludes a resident of the named insured's household who owns an automobile from coverage as an insured under the uninsured motorist provisions of the policy contravenes neither the express language of the Oklahoma Uninsured Motorist Act nor its underlying policy of providing coverage for tortious conduct which would otherwise go uncompensated. Such language in fact triggers operation of our mandatory insurance statute and clearly places the burden of carrying automobile insurance upon automobile owners.

*Shepard*, 1983 OK 103, at ¶ 8, 678 P.2d at 252. *See also Connor v. American Commerce Insurance Co.*, 2009 OK CIV APP 61, ¶ 8, 216 P.3d 850, 851 ("[T]he policy exclusion which does not allow UM coverage from extending to a vehicle which Defendant does not insure and which is not otherwise covered for UM by any other insurer is not inconsistent with the purpose of [Section] 3636(E)."); *Morris v. America First Insurance*

*Co.*, 2010 OK 35, ¶ 16, 240 P.3d 661, 664 ("[T]he holding of the *Connor* court is consistent with the reasoning in *Shepard*.").

In summary, the Defendant is not entitled to UM coverage under the NGAC policy issued to her parents by NGAC, because the policy excludes such coverage. NGAC, on the other hand, *is entitled* to a declaration absolving it of liability to the Defendant. Consequently, IT IS ORDERED that the Defendant's Motion for Partial Summary Judgment and Brief in Support Thereof [Docket No. 18] is hereby DENIED, and the Plaintiff's Motion for Summary Judgment and Brief in Support [Docket No. 14] is hereby GRANTED.

DATED this 12th day of September, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma